UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| JHB INVESTMENTS LLC and<br>JOHN H. BAGLEY, | Case No. 17-cv-27-pp |
| Plaintiffs, | |
| v. | |
| CITY OF WEST BEND,<br>GWENN SOLDNER<br>TJ JUSTICE, and<br>KURTIS McMAHON, | |
| Defendants. | |

---

**ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW BY ATTORNEY AARON DEKOSKY/PADWAY & PADWAY, LTD. (DKT. NO. 22) AND REQUIRING PLAINTIFFS TO APPEAR BY COUNSEL AT HEARING ON APRIL 24, 2018 AT11:00 A.M. OR FACE DISMISSAL FOR FAILURE TO PROSECUTE**

---

On January 5, 2017, the defendants removed this case from Washington County Circuit Court to the federal court for the Eastern District of Wisconsin. Dkt. No. 1. The plaintiffs did not move for remand.

On February 17, 2017, the court received a letter from Attorney Aaron DeKosky of Padway & Padway, Ltd., indicating that the plaintiffs had hired him to represent them. Dkt. No. 10.

After Attorney DeKosky came on board, the parties stipulated to the dismissal of some of the defendants, the plaintiffs filed an amended complaint, and the four above-named defendants answered that complaint. The court conducted the Rule 16 scheduling conference on October 5, 2017, and issued

1

an order setting a deadline of April 30, 2018 for the close of discovery and a dispositive motions deadline of May 16, 2018. Dkt. No. 21.

On December 29, 2017—days before the deadline the court had set for the plaintiffs to disclose the identities of their expert witnesses—Attorney DeKosky filed an unopposed motion to withdraw from representing the plaintiffs. Dkt. No. 22. The motion stated nothing further than that counsel had good cause for withdrawing, and that the plaintiffs did not object. Id.

Despite the fact that the plaintiffs had no objection to the motion, the court had concerns. Plaintiff JHB Investments, LLC is a limited liability corporation. Under Wisconsin law, a corporate entity, such as an LLC, must be represented by a lawyer in any court proceedings. Individual defendant John Bagley has the right to represent himself, if he chooses to do so, but he cannot, by law, represent JHB Investments, LLC. The court wanted to make sure plaintiff Bagley understood this before granting Attorney DeKosky's motion to withdraw. So the court scheduled a hearing for February 5, 2018, and ordered that plaintiff John Bagley be present in person at the hearing. The court issued the notice for that hearing on January 23, 2018—almost two weeks before the scheduled hearing date.

At the appointed date and time, Attorney DeKoskey appeared, as did Attorney Martell (representing the defendants). Dkt. No. 23. Contrary to the court's order, however, plaintiff John Bagley did not appear, nor did he contact the court to say that he could not come, or that he would be late. Attorney DeKosky indicated, without going into much detail, that he had had difficulty

2

communicating with plaintiff Bagley. He did say that he had talked with plaintiff Bagley in the recent past, and had told him about the hearing. Defense counsel informed the court that he had complied with his discovery obligations, and that he hoped that the case could continue moving forward. The court stated that it would reach out to plaintiff Bagley, and then would schedule another hearing once it had talked with Bagley about timing.

The court since has attempted to reach plaintiff Bagley, to schedule a hearing for a date he might be able to attend. First, the court's staff emailed Bagley. He did not respond. Next, the court's staff called Bagley, who indicated that he had gotten the email, and that he had forwarded it to someone. When asked about dates for a hearing, plaintiff Bagley indicated that he was not in his office, and asked the court's staff to call him back later that afternoon. When staff called later that afternoon, Bagley said he was in his car and could not discuss dates. He asked staff to call him at 9:00 the next morning. Staff did so, and the phone went to voice-mail; staff left a message asking Bagley to call back to discuss the hearing dates. Mr. Bagley did not call back.

Given that the court is having difficulty communicating with Bagley, just as his counsel has had difficulty, the court will grant counsel's motion to withdraw. Counsel should not be required to remain on a case where the client is not cooperative.

John Bagley and JHB Investments brought this case. If they wish to pursue it, they must follow the court's rules, and must follow the law. The court has scheduled a hearing for April 24, 2018 at 11:00 a.m. in Room 208 of

the federal courthouse at 517 East Wisconsin Avenue in Milwaukee. The plaintiffs must appear at that hearing if they wish to pursue this case further. Plaintiff John Bagley may represent himself, if he chooses to do so, but he must appear at the hearing regardless. JHB Investments must appear at the hearing **represented by a lawyer**. John Bagley may not appear for JHB Investments on April 24.

Any party wishing to appear by telephone at the April 24 hearing may do so by calling the court's conference line at 1-888-557-8511 and dialing access code 4893665#.

The court **GRANTS** the motion of Attorney Aaron DeKosky/Padway & Padway, Inc. to withdraw from representing the plaintiffs. Dkt. No. 22. The court **ORDERS** that all parties shall appear at the hearing scheduled for April 24, 2018 at 11:00 a.m.; while John Bagley may appear on his own behalf, the court **ORDERS** that JHB Investments, LLC must appear **by counsel**.

*If the plaintiffs do not appear, either by phone or in person, at the April 24, 2018 hearing, the court will dismiss this case for lack of prosecution under Civil L.R. 41 (E.D. Wis.).*

Dated in Milwaukee, Wisconsin this 3rd day of April, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**

4