UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JHB INVESTMENTS, LLC and
JOHN H. BAGLEY

      Plaintiffs,

v.                                  Case No. 17-cv-27-pp

CITY OF WEST BEND,
GWENN SOLDNER, TJ JUSTICE,
and KURTIS McMAHON,

      Defendants.

---

**ORDER DISMISSING CASE FOR LACK OF DILIGENCE
UNDER CIVIL L.R. 41(c)**

---

On January 5, 2017, the defendants removed this case from Washington County Circuit Court to the federal court for the Eastern District of Wisconsin. Dkt. No. 1. The plaintiffs did not move for remand. Six weeks later, on February 17, 2017, the court received a letter from Attorney Aaron DeKosky of Padway & Padway, Ltd., indicating that the plaintiffs had hired him to represent them. Dkt. No. 10. Once Attorney DeKosky was on board, the plaintiffs agreed to dismiss several of the defendants named in the original complaint. Dkt. No. 14.

On April 24, 2017, the plaintiffs filed an amended complaint, dkt. no. 17, and the four remaining defendants answered on May 9, 2017, dkt. no. 18. The court conducted a Rule 16 scheduling conference on October 5, 2017; at that

1

time, the court set a deadline of April 30, 2018 for completing discovery, and a deadline of May 16, 2018 for the parties to file dispositive motions. Dkt. No. 21.

On December 29, 2017, Attorney Dekosky filed an unopposed motion to withdraw from representing the plaintiffs. Dkt. No. 22. As is the court's usual practice, before the court granted that motion, the court wanted to ensure that the individual plaintiff, John Bagley, understood that he could not represent JHB Investments, LLC, because under both Wisconsin and federal law, the LLC plaintiff had to be represented by counsel. Accordingly, the court scheduled a status conference for February 5, 2018. The court provided plaintiff Bagley with notice of the February 5, 2018 hearing and ordered him to appear by phone or in person in court. See Text-Only Order January 23, 2018. Bagley did not appear at the February 5, 2018 status conference. Dkt. No. 23. During the hearing, Attorney Dekosky indicated that one of the reasons that he had moved for withdrawal was that he had had difficulty communicating with defendant Bagley. Id. In response to the court's request, Attorney Dekosky provided the court with Bagley's contact information, and indicated that it would make an effort to reach him.

The court's staff was able to reach Bagley, but had difficulty setting up a scheduling conference. This difficulty resulted in the court issuing an order on April 3, 2018, in which the court granted Attorney Dekosky's unopposed motion to withdraw. Dkt. No. 24. The court described its efforts to contact Bagley:

> First, the court's staff emailed Bagley. He did not respond. Next, the court's staff called Bagley, who indicated that he had gotten

the email, and that he had forwarded it to someone. When asked about dates for a hearing, plaintiff Bagley indicated that he was not in his office, and asked the court's staff to call him back later that afternoon. When staff called later that afternoon, Bagley said he was in his car and could not discuss dates. He asked staff to call him at 9:00 the next morning. Staff did so, and the phone went to voice-mail; staff left a message asking Bagley to call back to discuss the hearing dates. Mr. Bagley did not call back.

Id. at 3.

Despite the fact that these efforts had failed, the court's April 3, 2018 order gave Bagley one last chance to appear, so the court could explain what he needed to do if he wanted the case to go forward with both plaintiffs. The April 3, 2018 order set a hearing for April 24, 2018 at 11:00 a.m., and instructed that

> the plaintiffs must appear at that hearing if they wish to pursue this case further. Plaintiff John Bagley may represent himself, if he chooses to do so, but he must appear at the hearing regardless. JHB Investments must appear at the hearing **represented by a lawyer**. John Bagley may not appear for JHB Investments on April 24.

Id. at 4 (emphasis in original). In the very last paragraph of the court's April 3, 2018 order, the court warned Bagley that "***If the plaintiffs do not appear, either by phone or in person, at the April 24, 2018 hearing, the court will dismiss this case for lack of prosecution under Civil. L.R. 41 (E.D.Wis.).***" Id. (emphasis in original).

Bagley did not appear at the hearing on April 24, 2018.

Civil Local Rule 41(c) of the Local Rules for the Eastern District of Wisconsin allows a court to dismiss a case with or without prejudice "whenever it appears to the court that the plaintiff is not diligently prosecuting the

3

action[.]" The court finds that the plaintiffs have not diligently prosecuted this case, and will dismiss it. The remaining question is whether the dismissal should be with or without prejudice. At the April 24, 2018 hearing, the defendants asked the court to dismiss the case with prejudice, given Bagley's lack of cooperation with his attorney and the court, and the delay it had caused. The court agrees. The justice system is open and available to those who want to use it in good faith, to pursue their rights and to resolve their disputes in an orderly and fair way. But the system requires something of the people who want to use it. It requires that they follow the rules, and participate in good faith. The plaintiffs have not done that here, and the court finds that dismissal with prejudice is appropriate.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for lack of diligence under Civil L.R. 41. The clerk of court shall enter judgment accordingly.

This order and the judgment to follow are final. Under Civil Local Rule 41(c), a party whose case has been dismissed may, within **twenty-one (21) days** of the date of the dismissal order, file a petition asking the court to reinstate the case. A dissatisfied party also may appeal the order of dismissal to the Court of Appeals for the Seventh Circuit, by filing in this court a notice of appeal within **thirty (30) days** of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28) days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend either deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 27th day of April, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**